CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Genesis Global Holdco, LLC, | : | Case No. 23-10063 |
| Debtor. | : | |
| Tax I.D. No. 38-4058219 | : | |
| In re | : | Chapter 11 |
| Genesis Global Capital, LLC, | : | Case No. 23-10064 |
| Debtor. | : | |
| Tax I.D. No. 37-1878564 | : | |
| In re | : | Chapter 11 |
| Genesis Asia Pacific Pte. Ltd. | : | Case No. 23-10065 |
| Debtor. | : | |
| Tax I.D. 202002164R (Singapore UEN) | : | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES
("JOINT ADMINISTRATION MOTION")**

Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-possession (collectively, the "Debtors" and these cases, the "Chapter 11 Cases") hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A, directing joint administration and procedural consolidation of their related Chapter 11 Cases and granting the Debtors such other and further relief as the Court deems just and proper. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' Chapter 11 Cases (as defined herein), is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations")[1], filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the First Day Declarations.

2

§§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, rule 105(b) of the Federal Rules of Bankruptcy Procedure and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## BACKGROUND

2. Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

3. Over the past few months, the digital asset industry has experienced tremendous dislocation. The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signalled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies. As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022. Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed for Chapter 11 bankruptcy proceedings.

4. These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business. This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity. As a result of the unprecedented number and size of the loan calls, on

3

November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

5. Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions. In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures. As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

6. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

7. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

8. While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution. Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process. To that end, the Debtors are concurrently filing a proposed plan of reorganization, which will be amended as necessary to reflect the results of our continued negotiations.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order directing joint administration of the Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court

4

maintain one file, one docket and one service list for all of the Chapter 11 Cases under the case of Genesis Global Holdco, LLC, and that the Chapter 11 Cases be administered under the following caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 |
| Debtors. | Jointly Administered |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

10. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

12. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in multiple related cases. *See, e.g.*, Order, *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 27, 2020), ECF No. 34; Order, *In re Centric Brands Inc.*, Case No. 20-22637 (SHL) (Bankr. S.D.N.Y. May 20, 2020), ECF No.

5

54; Order, *In re Sears Holding Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018), ECF No. 118.[2]

13.     The relief requested herein is warranted. First, the Debtors are "affiliates," as that term is defined under section 101(2) of the Bankruptcy Code, and each Debtor's chapter 11 case is pending in this Court. Thus, the conditions set forth in Bankruptcy Rule 1015(b) for joint administration of the Chapter 11 Cases are satisfied. Second, the First Day Declarations support this Motion and establish that the joint administration of the Chapter 11 Cases is warranted and will ease the administrative burden for the Court and the parties in interest. As set forth in the First Day Declarations, the Debtors are affiliates, and their operations are largely interrelated or shared.

14.     Moreover, many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each and every Debtor. Joint administration of the Chapter 11 Cases will reduce parties' fees and costs by avoiding duplicative filings and objections and will make the most efficient use of the Court's valuable resources. Joint administration also will allow the Office of the United States Trustee for Region 2 (the "U.S. Trustee") and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency. Finally, joint administration will not adversely affect the Debtors' respective constituencies because the relief requested herein is for procedural purposes only. No party in interest will be prejudiced by the joint administration of the Chapter 11 Cases. Rather, parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors and all other parties in interest.

---

[2]     Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

6

**NOTICE**

15.     Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

16.     No prior motion for the relief requested herein has been made to this or any other court.

*[The remainder of this page is left intentionally blank]*

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: January 20, 2023
New York, New York

/s/ Sean A. O'Neal
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
                                                              :
*In re*                                                       : Chapter 11
                                                              :
Genesis Global Holdco, LLC,                                   : Case No. 23-10063
                                                              :
        Debtor.                                       :
                                                              :
Tax I.D. No. 38-4058219                                       :
------------------------------------------------------------- X
                                                              :
*In re*                                                       : Chapter 11
                                                              :
Genesis Global Capital, LLC,                                  : Case No. 23-10064
                                                              :
        Debtor.                                       :
                                                              :
Tax I.D. No. 37-1878564                                       :
------------------------------------------------------------- X
                                                              :
*In re*                                                       : Chapter 11
                                                              :
Genesis Asia Pacific Pte. Ltd.                                : Case No. 23-10065
                                                              :
        Debtor.                                       :
                                                              :
Tax I.D. 202002164R (Singapore UEN)                           :
------------------------------------------------------------- X

**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

**("JOINT ADMINISTRATION ORDER")**

Upon the motion (the "Motion")[1] of Genesis Global Holdco, LLC ("Holdco") and its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order directing the joint administration of the Debtors' related chapter

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

11 cases, as more fully described in the Motion; and upon the First Day Declarations, filed concurrently with the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is granted to the extent set forth herein.

    2.    The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 23-10063.

    3.    The caption of the jointly administered cases shall read as follows:

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 |
| Debtors. | Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made in each of the above-captioned cases substantially as follows: "An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases commenced by Genesis Global Holdco, LLC. The docket in Case No. 23-10063 should be consulted for all matters affecting the above listed cases.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of New York shall keep, one consolidated docket, one file and one consolidated service list.

7. The Debtors shall file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases.

3

9. To the extent that any affiliates of the Debtors subsequently commence Chapter 11 cases, the relief granted pursuant to this Order shall apply to such debtors and their respective estates, provided, however, that the Debtors shall file notice with the Court identifying the cases of such affiliates and stating that this Order shall apply to such cases.

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____          _____
       New York, New York               United States Bankruptcy Judge